# W. S. H. LOTHROP

*v.*

# RAFAEL COLLAZO ET AL.

IN EQUITY—WASTE—RECEIVER.

1. Generally a court should be reluctant to appoint a receiver upon the application of a mortgagee, and should only do so upon clear proof of danger of loss of the security in whole or part.

2. When the value of the security was in excess of the mortgage debt at the time of its creation, the security should not be allowed to become of doubtful sufficiency. The mortgagor may use it, but not in such a manner as to destroy its value.

3. A mortgagor is guilty of permissive waste by permitting the premises to greatly deteriorate in value for the want of proper attention. In such a case a mortgagee is entitled to a receiver to take charge of the property.

October 28, 1901.

*Messrs. F. H. Dexter* and *Frank Howe* for complainant.

*Messrs. Pettingill & Keedy* for defendants.

HOLT, Judge, delivered the following opinion:

This bill is ancillary to one for foreclosure. An injunction to stay waste and the appointment of a receiver to take charge of the mortgaged property is asked. This is upon the ground that the security is becoming insufficient for the debt, and that the defendants are committing waste as to the premises. There

Lothrop v. Collazo.

is no testimony showing that, in law, any affirmative waste has been committed by the defendants. The selling of the usual products from the place does not constitute waste; but that this has been done without the place being improved by the defendants may be considered.

When the debt of the plaintiff, which is for $50,000, with, at present, nearly three years' accrued interest at 10 per cent, was created, the security was largely in excess of it in value. It is right for it to remain so, and it should not be allowed to become of doubtful sufficiency. While the mortgagor may use it, he should not do so in such a way as to destroy the value of the security. The evidence is conflicting as to the present value of the premises, the value of which was fixed in the mortgage by the parties at $100,000. The estimate of its present value by the witnesses varies from $25,000 to $90,000. There is some testimony that the premises have been fairly well cared for; but all of the evidence taken together is satisfactory that they have not been properly cultivated, and are rapidly decreasing in value for the want of proper attention. In fact, the evidence tends strongly to show that, from the lack of proper cultivation and attention, they now have the appearance of an abandoned plantation. Undergrowth is choking out the coffee, and roads and trails connected with the premises have been neglected, so that the property, which should produce about 4,000 quintals of coffee per year, is only producing about 300.

It is admitted that it was greatly injured since the execution of the mortgage, by the August, 1899, hurricane. This has made attention and proper cultivation the more necessary to it, and its present value is probably less than one half its value in November, 1898. In short, the defendants have been guilty of permissive waste by permitting the premises to greatly deteriorate in value for the want of proper cultivation and attention.

Lothrop v. Collazo.

There is testimony tending to show that the premises have not been worked for over a year.

Generally, a court should be reluctant to appoint a receiver, and should only do so upon the clear proof of the need, and where it appears that the mortgagee is likely to lose his security in whole or in part unless it be done. Under all the circumstances, it seems to me equitable and fair to both parties that the injunction as asked for should be granted, and that a receiver should be appointed. An order to this effect will be prepared. Plaintiff must give bond in a proper sum to cover any damages in case the injunction is not finally sustained, and the receiver should execute bond in proper sum to protect all the parties hereto.